IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY -4 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE COMPANY
PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:17cv338DPJ-FKB

SHARKEY-ISSAQUENA COMMUNITY HOSPITAL;
SUN CLINICAL LABORATORY, LLC; MISSION TOXICOLOGY
MANAGEMENT COMPANY, L.L.C.; MISSION
TOXICOLOGY, L.L.C.; MISSION TOXICOLOGY II, LLC; AND
JOHN DOES 1-10                                                    DEFENDANTS

## COMPLAINT

### (JURY TRIAL DEMANDED)

Plaintiff Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company ("Blue Cross"), files this Complaint against Sharkey-Issaquena Community Hospital ("SICH" or the "Hospital"), Sun Clinical Laboratory, LLC, Mission Toxicology Management Company, L.L.C., Mission Toxicology, L.L.C., Mission Toxicology II, LLC, and John Does 1-10, and respectfully shows the Court as follows:

### PARTIES

1.  Plaintiff Blue Cross is a mutual insurance company organized under the laws of Mississippi with its principal place of business in Flowood, Mississippi.

2.  Defendant Sharkey-Issaquena Community Hospital is a county hospital that can be served with process on the president or clerk of the Sharkey County, Mississippi, Board of Supervisors.

3. Sun Clinical Laboratory, LLC ("SCL") is a Texas limited liability company that can be served with process on its registered agent Michael L. Murphy at 7373 Broadway Ste. 507, San Antonio, Texas 78209.

4. Mission Toxicology Management Company, L.L.C. ("MTMC") is a Texas limited liability company that can be served with process on its registered agent Jesse Saucedo Jr. at 1018 Solitude Cove, San Antonio, Texas 78260.

5. Mission Toxicology, L.L.C. ("MT-I") is a Texas limited liability company that can be served with process on its registered agent Jesse Saucedo Jr. at 1018 Solitude Cove, San Antonio, Texas 78260.

6. Mission Toxicology II, LLC ("MT-II") is a Texas limited liability company that can be served with process on its registered agent Jesse Saucedo Jr. at 1018 Solitude Cove, San Antonio, Texas 78260.

7. John Doe Defendants 1-10 are unknown entities and/or individuals whom Blue Cross is currently unable to identify despite diligent efforts. Upon information and belief, the John Doe Defendants are affiliates, subsidiaries, owners, investors, and/or contracting parties with SCL, MTMC, MT-I and MT-II (collectively the "Non-Hospital Defendants") who have engaged in a course of conduct with the Non-Hospital Defendants to submit claims to Blue Cross for payment for laboratory services purportedly performed at and by the Hospital which were not ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at the Hospital and which were not performed at the Hospital in Rolling Fork, Mississippi.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over non-resident Defendants in this action, and personal jurisdiction is proper because Defendants operate, conduct, engage in and carry on business in Mississippi. Personal jurisdiction is also proper before this Court because Defendants engage in substantial and not isolated activities within Mississippi.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States. Specifically, Blue Cross asserts claims in this case that arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., as Blue Cross acted as an ERISA fiduciary in administering certain claims submitted by the labs for beneficiaries under certain fully-insured ERISA benefits plans, and Blue Cross, as the claims administrator, seeks to enjoin Defendants from submitting misrepresented claims to it in the future and seeks a declaratory judgment that Blue Cross does not owe Defendants payments for such claims submitted in the past, but for which Blue Cross has denied payment.

10. This Court has jurisdiction over Blue Cross' remaining claims pursuant to 28 U.S.C. § 1367 because the state and common law claims alleged herein are so related to the federal claims that they form part of the same case or controversy.

11. Venue is proper in the Southern District of Mississippi pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391(b)(2), and 18 U.S.C. § 1965(a) because a substantial part of the events giving rise to the claims in this action occurred in the Southern District of Mississippi. Specifically, many of Blue Cross' health plans and members can be found within this district.

## FACTUAL BACKGROUND

12. Blue Cross entered into a Participating Hospital Agreement (the "Contract") with the Hospital on or about January 1, 1995. Exhibit 1.[1] Pursuant to the Contract, among other terms, the Hospital is to provide "Hospital Services which are Medically Necessary when such services are ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at [the] Hospital." *See* Exhibit 1, Contract at ¶3.1. The Contract defines "Hospital Service(s)" as "those services and supplies provided by [the Hospital] to Subscribers and other patients [and] do not include services performed by an organization or facility not itself licensed by the state as a general acute hospital." *See id.* at ¶ 2.12.

13. As stated above, beginning in February, 2017 through the present, claims were and are being submitted to Blue Cross for payment for laboratory services purportedly performed at and by the Hospital which were not ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at the Hospital and which were not performed at the Hospital in Rolling Fork, Mississippi ("Misrepresented Claims").

14. The Hospital has breached the Contract by submitting to Blue Cross for payment the Mispresented Claims. The Misrepresented Claims paid by Blue Cross on behalf of its Members, Members of other Blue Cross and/or Blue Shield Plans and Members of the Federal Employee Plan are in excess of $9,800,000. Misrepresented Claims were filed with total charges in excess of $33,800,000. Mispresented Claims with total charges in excess of $24,000,000 have been submitted but not paid.

---

[1] The Contract, with its incorporated exhibits, policies and procedures, contains confidential and proprietary business information of Blue Cross. Pursuant to Uniform Local Rule 79, Blue Cross will file a motion to file the Contract under seal, and thus a copy of the Contract is not attached to the Complaint filed in the public Court record. Blue Cross will serve a copy of the Contract upon the Hospital, as it is a party to the Contract, and will serve a copy of the Contract on other Defendants upon the entry of an appropriate Confidentiality and Protective Order.

15. Upon information and belief, the Hospital entered into a contract with one or more entities and/or individuals through which it is allowing these entities and/or individuals to submit claims to Blue Cross for payment using the Hospital's name and billing information even though the laboratory services were not performed at or by the Hospital. Upon further information and belief, the Hospital attempted to obscure its breach of the Contract by "leasing" an employee and space at one or more of these entities' facilities in further breach of the Contract.

16. The Contract provides for a Percentage of Charge reimbursement rate, which was allowed by Blue Cross because of the small rural nature of the Hospital. Blue Cross contracted at this rate with the Hospital as a hospital, and not as a laboratory for non-Hospital patients; and, certainly not to allow third parties to take advantage of the Percentage of Charge rate.

17. Upon information and belief, the Hospital is being "reimbursed" by one or more of the third party entities for this "arrangement."

18. Upon information and belief, the Misrepresented Claims reflect submissions for reimbursement for laboratory services not performed by the Hospital in Rolling Fork, laboratory services ordered to be performed by named laboratories and not by the Hospital. For example, Blue Cross's initial investigation revealed laboratory services were submitted to Sun Clinical Laboratory, Hermann Drive Surgical Hospital, Houston, TX, CLIA # 45D2027576 and Mission Toxicology, 2145 NW Military Hwy #102, San Antonio, TX CLIA # 45D2071649. The resulting laboratory results were submitted to the providers who ordered the tests on forms with Mission Toxicology or Sun Clinical Laboratory logos but with the Hospital's CLIA number and Mississippi address and with a Texas phone number.

19. A CLIA number is a representation that the particular laboratory has been certified under the Clinical Laboratory Improvement Amendments of 1988, 42 U.S.C. § 263a. The certification issued to the Hospital—CLIA # 25D0317776—is for laboratory work performed in the Hospital laboratory. The laboratory work related to the Misrepresented Claims was not performed in the Hospital in Rolling Fork.

20. With respect to the claim examples above, upon information and belief, the services were not reimbursable because they did not meet Medical Necessity in accordance with benefit plan terms, as required by the Contract.

21. Moreover, pursuant to policies and procedures incorporated into the Contract, claims submitted for specimens not drawn in Mississippi are to be submitted to the Blue Cross and/or Blue Shield Plan in the State in which the specimen is drawn. A significant percentage of the Misrepresented Claims were improperly filed directly with Blue Cross.

## COUNT 1 – BREACH OF CONTRACT
### (Against the Hospital)

22. All prior paragraphs are incorporated as if stated herein.

23. Under the contract between the Hospital and Blue Cross, the Hospital is to provide "Hospital Services which are Medically Necessary when such services are ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at [the] Hospital." *See* Exhibit 1, Contract at ¶3.1.

24. The Hospital's actions constitute a breach of the Contract which resulted from the filing of Mispresented Claims.

25. As a direct, proximate and foreseeable result of said breaches, Blue Cross has suffered, and will continue to suffer, actual damages in an amount to be proven at trial and such other relief that the Court deems just and proper.

## COUNT 2 – INJUNCTIVE RELIEF UNDER ERISA § 502(a)(3)
## (Against All Defendants)

26. All prior paragraphs are incorporated as if stated herein.

27. Blue Cross acts as a claims fiduciary on behalf of certain fully-insured ERISA-governed plans and thus has standing, under 29 U.S.C. §1132(a)(3)(A) to bring a civil action in federal court to enjoin any act or practice which violates the terms of an ERISA-governed plan.

28. Blue Cross seeks to enjoin Defendants from submitting claims to Blue Cross for services where the lab does not intend to collect members' payment responsibilities.

29. Blue Cross seeks to enjoin Defendants from submitting claims to Blue Cross for services that are not Medically Necessary pursuant to the Contract and Blue Cross's benefit plans incorporated therein.

30. Blue Cross seeks to enjoin Defendants from submitting claims to Blue Cross for services requested or caused to be requested by individuals or entities with direct or indirect investments in the lab that performs the services.

31. Blue Cross seeks injunctive relief because the pattern of conduct utilized by Defendants that seeks to mislead Blue Cross regarding the coverage of services performed by entities controlled and directed by John Doe Defendants.

## COUNT 3 – DECLARATORY RELIEF UNDER ERISA § 502(a)(3)
## (Against All Defendants)

32. All prior paragraphs are incorporated as if stated herein.

33. Each allegation in this Count is directed to Misrepresented Claims that have been submitted by or on behalf of Defendants prior to the date of this Complaint and which have not paid by Blue Cross ("Pended Misrepresented Claims").

34. Blue Cross acts as a claims fiduciary on behalf certain fully-insured ERISA-governed plans and thus has standing, under 29 U.S.C. §1132(a)(3)(B)(ii) to bring a civil action in federal court to obtain a declaratory judgment decreeing the rights, duties, and obligations of the parties under the relevant ERISA plans.

35. Blue Cross seeks a declaratory judgment that, under the terms of its ERISA plans, there is no coverage for Pended Misrepresented Claims submitted to it by and/or on behalf of Defendants for services that were not actually requested by the listed provider.

36. Blue Cross seeks a declaratory judgment that, under the terms of its ERISA plans, there is no coverage for Pended Misrepresented Claims submitted to it by and/or on behalf of Defendants.

37. Blue Cross seeks a declaration that, under the terms of its ERISA plans, there is no coverage for services contained in the Pended Misrepresented Claims submitted to it by and/or on behalf of Defendants for services that were not medically necessary.

## COUNT 4 – FRAUD
### (Against the Non-Hospital Defendants and John Doe Defendants)

38. All prior paragraphs are incorporated as if stated herein.

39. Upon information and belief, the Hospital entered into agreements with one or more of the Non-Hospital Defendants and John Doe Defendants to allow such entities and/or individuals to submit Misrepresented Claims to Blue Cross for payment using the Hospital's name and billing information even though the laboratory services were not performed by the Hospital and which were not ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at the Hospital, and which were not performed at the Hospital in Rolling Fork, Mississippi.

40. The submission of the Misrepresented Claims was a material and false representation to Blue Cross that such claims reflect Hospital Services performed by the Hospital, ordered by a licensed physician or other licensed health professional with appropriate staff privileges at the Hospital, and performed at the Hospital in Rolling Fork, Mississippi.

41. The Non-Hospital Defendants and John Doe Defendants knew such representations were false or were ignorant of their truth, and submitted such Misrepresented Claims with the intent that Blue Cross pay such claims.

42. Blue Cross did not know or have reason to know of the falsity of the Misrepresented Claims and rightfully and justifiably relied on such claims being submitted in the Hospital's name with the Hospital's CLIA number as being proper claims entitled to payment.

43. As a result of the actions of the Non-Hospital Defendants and John Doe Defendants, Blue Cross has suffered actual and consequential damages.

44. Accordingly, the Non-Hospital Defendants and John Doe Defendants are liable to Blue Cross for compensatory and punitive damages, costs, attorneys' fees, and such other relief the Court deems just and proper.

### COUNT 5 – CIVIL CONSPIRACY
### (Against the Non-Hospital Defendants and John Doe Defendants)

45. All prior paragraphs are incorporated as if stated herein.

46. Upon information and belief, the Non-Hospital Defendants and John Doe Defendants agreed and conspired to engage in a course of conduct, jointly and severally, to commit a fraud on Blue Cross by submitting claims to Blue Cross for payment for laboratory services under the Hospital's name and using the Hospital's billing number which were fraudulently misrepresented as having been performed at the Hospital, ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at the

Hospital, and performed at the Hospital in Rolling Fork, Mississippi, for the purpose of receiving payments from Blue Cross to which they were not entitled.

47. Blue Cross been damaged as a result of the conspiracy between Defendants. Accordingly, the Non-Hospital Defendants and John Doe Defendants are liable to Blue Cross, jointly and severally, for compensatory and punitive damages, costs, attorneys' fees, and such other relief the Court deems just and proper.

## COUNT 6 – NEGLIGENT MISREPRESENTATION
### (Against the Non-Hospital Defendants and John Doe Defendants)

48. All prior paragraphs are incorporated as if stated herein.

49. Additionally and alternatively, upon information and belief, the Non-Hospital Defendants and John Doe Defendants submitted Misrepresented Claims to Blue Cross for payment using the Hospital's name and billing information even though the laboratory services were not performed by the Hospital and which were not ordered by a licensed physician or other licensed health professional who has appropriate staff privileges at the Hospital, and which were not performed at the Hospital in Rolling Fork, Mississippi.

50. The submission of the Misrepresented Claims was a material and false representation to Blue Cross that such claims reflect Hospital Services performed by the Hospital, ordered by a licensed physician or other licensed health professional with appropriate staff privileges at the Hospital, and performed at the Hospital in Rolling Fork, Mississippi.

51. The Non-Hospital Defendants and John Doe Defendants failed to exercise the degree of diligence and care expected of such entities and/or individuals in the submission of medical claims for payment.

52. Blue Cross reasonably relied on the misrepresentation and paid certain claims in reasonable reliance on the Misrepresented Claims submitted by and/or on behalf of the Non-

Hospital Defendants and/or John Doe Defendants in the Hospital's name with the Hospital's CLIA number.

53. Blue Cross has suffered actual and consequential damages as a proximate result of its reasonable reliance upon the Misrepresented Claims.

54. Accordingly, the Non-Hospital Defendants and John Doe Defendants are liable to Blue Cross for compensatory and punitive damages, costs, attorneys' fees, and such other relief the Court deems just and proper.

### COUNT 7 – UNJUST ENRICHMENT
### (Against the Non-Hospital Defendants and John Doe Defendants)

55. All prior paragraphs are incorporated as if stated herein.

56. Additionally and alternatively, the Non-Hospital Defendants and John Doe Defendants are not a party to a network provider agreement with Blue Cross. By virtue of the submission of the Misrepresented Claims to Blue Cross and Blue Cross's payment of the Misrepresented Claims, the Non-Hospital Defendants and John Doe Defendants have received money from Blue Cross to which they are not entitled, and which in good conscience and justice should be repaid to Blue Cross.

57. Accordingly, the Non-Hospital Defendants and John Doe Defendants should be required to pay to Blue Cross all monies received as a result of the filing of the Misrepresented Claims with Blue Cross.

### REQUEST FOR RELIEF

58. Blue Cross, acting on its own behalf to vindicate its own personal and contractual interests and obligations, requests that judgment be entered against the Hospital for the following:

    a. An award of both actual and consequential damages;

   b. Prejudgment and post-judgment interest;

   c. Costs of court;

   d. Such other and further relief at law or in equity to which Blue Cross may be justly entitled.

59.  Blue Cross, acting on its own behalf to vindicate its own personal and contractual interests and obligations, requests that judgment be entered against the Non-Hospital Defendants and John Doe Defendants for the following:

   a. An award of both actual and consequential damages;

   b. An award of punitive and exemplary damages;

   c. Reasonable and necessary attorneys' fees;

   d. Prejudgment and post-judgment interest;

   e. Costs of court;

   f. Such other and further relief at law or in equity to which Blue Cross may be justly entitled.

60.  Blue Cross, acting as fiduciary on behalf of ERISA plans provided and/or administered by Blue Cross, requests that on final trial hereof, Blue Cross have judgment against Defendants for the following:

   a. Declaratory and injunctive relief as requested herein;

   b. Reasonable and necessary attorneys' fees under ERISA.

Dated: May 4, 2017.

                           Respectfully Submitted,

                           BLUE CROSS & BLUE SHIELD OF
                           MISSISSIPPI, A MUTUAL INSURANCE
                           COMPANY

                    By: _____
                           One of Its Attorneys

Of Counsel:

**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**
James A. McCullough II (MSB No. 10175)
jmccullough@brunini.com
Karen E. Howell (MSB No. 102243)
khowell@brunini.com
Post Office Drawer 119
Jackson, Mississippi 39205
The Pinnacle Building
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 948-3101
Telecopier: (601) 960-6902